UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SCOTT TOWNSEND and DEBORAH TOWNSEND,<br><br>                    Plaintiffs,<br><br>          v.<br><br>QUALITY LOAN SERVICE CORP OF WASHINGTON; THE ENTITY KNOWN AS "THE BANK OF NEW YORK MELLON, f/k/a THE BANK OF NEW YORK, AS TRUSTEE FOR THE HOLDERS OF TEH CERTIFICATES, FIRST HORIZON MORTGAGE PASS-THROUGH CERTIFICATES SERIES FHAMS 2006-AA6, BY FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK NATIONAL ASSOCIATION, MASTER SERVICE, IN ITS CAPACITY AS AGENT FOR THE TRUSTEE UNDER THE POOLING AND SERVICING AGREEMENT"; FIRST HORIZON HOME LOANS, A DIVISION OF FIRST TENNESSEE BANK, N.A.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; NATIONSTAR MORTGAGE, LLC,<br><br>                    Defendants. | Case No. _____<br><br>**NOTICE OF REMOVAL TO FEDERAL COURT** |

Defendants First Horizon Home Loans, a division of First Tennessee Bank National Association, successor in interest by merger to First Horizon Home Loan Corporation ("First Horizon"), Bank of New York Mellon, f/k/a the Bank of New York, Trustee for the certificate

NOTICE OF REMOVAL - 1

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107

709552.0007/5462981.1

holders of First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA6 ("BNY Mellon"), Mortgage Electronic Registration Systems, Inc. ("MERS") and Nationstar Mortgage LLC ("Nationstar") (sometimes collectively "Defendants"), by and through their attorneys, hereby remove the above-captioned action, currently pending in the Superior Court of Pierce County, Washington, to the United States District Court for the Western District of Washington. Removal is based on 28 U.S.C. § 1332 (diversity jurisdiction) and authorized by 28 U.S.C. §§ 1441 and 1446. As grounds for removal, Defendants state:

### BACKGROUND

1. Plaintiffs Scott and Deborah Townsend commenced this action on or about July 17, 2012 by filing a Complaint with the Clerk of the Superior Court of Pierce County, Washington (the "State Court Action").

### STATUTORY REQUIREMENTS

2. Diversity jurisdiction under 28 U.S.C. § 1332(a)(1) exists because Plaintiffs and the real Defendants in interest are citizens of different states.

    a. Plaintiffs are citizens of Washington. Compl., ¶¶ 1-2.

    b. None of the real defendants in interest are incorporated in nor have their principal place of business in Washington.

        i. Defendant First Horizon has its main office in Memphis, Tennessee, as designated in its articles of association. Yates Decl., Ex. B; Compl. ¶ 4-5. Because First Horizon is a national bank, it is therefore a citizen of Tennessee only. *Wachovia Bank, N. A., v. Schmidt,* 546 U.S. 303 (2006) (for diversity of citizenship purposes, a national bank is a citizen of the state of its main office as designated in its articles of association); 28 U.S.C. § 1348.

        ii. Defendant BNY Mellon is a New York state chartered banking institution with its principal place of business in New York, and is therefore a citizen, for purposes of diversity jurisdiction, of New York. Yates Decl., Exs. C, D; 28 U.S.C. § 1332(c)(1).

NOTICE OF REMOVAL - 2

        iii.       Defendant MERS is a Delaware corporation. Compl. ¶ 4; Ex. A (Deed of Trust attached to Compl.); Yates Decl. Ex. E. It is therefore a citizen of Delaware for diversity purposes. 28 U.S.C. § 1332(c)(1).

        iv.       Defendant Nationstar is a Delaware limited liability company. Yates Decl., Ex. F. Its members are Nationstar Sub1 LLC and Nationstar Sub2, both of which are also Delaware limited liability companies. *Id.* Ex. G. Nationstar Sub1 and Sub2 are wholly-owned by Nationstar Mortgage Holdings, Inc., a Delaware Corporation. *Id.* Ex. H. Defendant Nationstar is therefore a citizen of Delaware for diversity purposes. 28 U.S.C. 1332(c)(1); *see also* Compl. 6.

        v.       Defendant Quality Loan Service Corporation of Washington, Inc. ("Quality") is a nominal defendant whose citizenship is ignored for purposes of determining diversity of citizenship. "The paradigmatic nominal defendant is 'a trustee, agent, or depositary…[who is] joined purely as a means of facilitating collection.'" *Prasad v. Wells Fargo Bank, N.A.* No. 11-894, 2011 U.S. Dist. LEXIS 103122, at *4 (W.D. Wash. Sept. 13, 2011) (citing *SEC v. Colello*, 139 F.3d 674, 676 (9th Cir. 1998)). Nominal parties are ignored for purposes of determining diversity as they have no legitimate claim to the dispute and are not a real party in interest. *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1133 (9th Cir. 2002) ("Defendants who are nominal parties with nothing at stake may be disregarded in determining diversity, despite the propriety of their technical joinder."); *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 873 (9th Cir. 2000) (the court should ignore the citizenship of "nominal or formal parties who have no interest in the action").

Multiple courts, including this one, have held that trustees under deeds of trust are nominal parties whose citizenship is disregarded for the purposes of diversity jurisdiction. *See, e.g., Gogert v. Reg'l Tr. Services, Inc.*, C11-1578JLR, 2012 WL 289205 (W.D. Wash. Jan. 31, 2012) ("nominal parties to an action do not destroy diversity, and trustees…are nominal parties."); *Prasad*, 2011 U.S. Dist. LEXIS 103122, at *5 ("Most courts that have considered the issue of whether a trustee under a deed of trust is a nominal defendant in an action challenging

NOTICE OF REMOVAL - 3

the foreclosure or threatened foreclosure of property have taken the position" that a trustee is "merely a nominal defendant and its citizenship should be ignored for the purposes of establishing diversity jurisdiction."); *Andersen v. Homecomings Fin., LLC,* No. 11-332, 2011 U.S. Dist. LEXIS 65897, at *11 (D. Utah June 20, 2011) ("Other courts have found that a trustee under a deed of trust is merely a formal party, because he is little more than an agent, albeit for both parties, and the writing prescribes his duties."); *Sherman v. Wells Fargo Bank, N.A.,* No. 11-0054, 2011 U.S. Dist. LEXIS 51641, at *5-6 (E.D. Cal. May 12, 2011) ("[T]he trustee's duties are limited to those imposed by statute and by the contract, namely to foreclose upon default and to reconvey the deed of trust upon satisfaction of the secured debt."); *Dempsey v. Transouth Mortg. Corp.,* 88 F. Supp. 2d 482, 484 (W.D.N.C. 1999) (substitute trustee "which held title to the land described in the subject deed of trust for the sole benefit of the real parties in interest to this action…did not have nor does it now have any interest in this suit").

The only allegations against Quality in the Complaint are the bald and demonstrably false[1] assertion that it lacks the authority to act as trustee because an appointment of successor trustee has not been recorded and the non-specific claim that it has issued notices of sale "lacking in form as well as substance." Compl. at ¶¶ 8-9, pp. 6, 9. These allegations claim only that Quality performed its ministerial functions as foreclosure trustee. The only real parties in interest are Defendants First Horizon, BNY Mellon, MERS, and Nationstar. Quality's citizenship is ignored for the purpose of analyzing diversity jurisdiction.

      c.    The amount in controversy requirement for diversity jurisdiction under 28 U.S.C. § 1332 is also satisfied. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840 (9th Cir. 2002) (per curiam); *Henderson v. Nationstar Mortgage Co.,* 2008 WL 302374, at *1 (W.D. Wash. 2008). The Complaint does not set forth the dollar amount at issue, but it does seek declaratory and injunctive relief with

---

[1] *See* Appointment of Successor Trustee attached hereto as Exhibit J.

NOTICE OF REMOVAL - 4

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

709552.0007/5462981.1

respect to the real property identified in Paragraph 3 ("Property"). The tax assessed value of the property is a matter of public record and Defendants request that the court take judicial notice of the fact that the appraised value of the Property for 2013 was $469,600. Yates Decl. Ex. I. The value of the property at issue therefore far exceeds the jurisdictional minimum. *Chapman v. Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045, n. 2 (9th Cir. 2011) (using assessed value of property as amount in controversy in borrower's action to quiet title to property); *Prasad*, 2011 U.S. Dist. LEXIS 103122 at *9-10 (examining assessed value of property to determine whether amount in controversy requirement was satisfied); *Garfinkle v. Wells Fargo Bank*, 483 F.2d 1074, 1076 (9th Cir. 1973) (value of real property at issue is amount in controversy in action to enjoin foreclosure sale).

The amount in controversy requirement is also met because Plaintiffs seek to void the Deed of Trust securing an unpaid principal balance of $650,000.00 and an order quieting title in their names free and clear of any interest of any Defendant. *See* Compl. at 11-12; Yates Decl. Ex. A (Motion to Show Cause Why Trustee's Sale Should Not Be Restrained, Ex. 1, p. 1); Compl. Ex. 5 (Adjustable Rate Note attached as Ex. 1 to Motion for Relief from Stay). Where a plaintiff seeks to invalidate a loan secured by a deed of trust, the amount-in-controversy is the loan amount. *See, e.g., Barrus v. ReconTrust Co., N.A.*, No. 11-618, 2011 U.S. Dist. LEXIS 61973, at *6-7 (W.D. Wash. June 9, 2011); *Ngoc Nguyen v. Wells Fargo Bank, N.A.*, 2010 WL 4348127, *5–6 (N.D. Cal. 2010).

## PROCEDURAL REQUIREMENTS

1. <u>Removal to this Court Is Proper.</u> Pursuant to 28 U.S.C. §§ 1441(a)-(b) and 1446(a), Defendants file this Notice of Removal in the United States District Court for the Western District of Washington, which is the federal district court embracing the state court where Plaintiff has brought the State Court Action – Pierce County, Washington. Venue is proper in this district pursuant to 28 U.S.C. 1391(a) and 28 U.S.C. 128(b).

2. <u>Removal Is Timely.</u> The Complaint was served on Defendants between August 3 and August 10, 2012. *See* Affidavits of Service included within Yates Decl. Ex. A.

NOTICE OF REMOVAL - 5

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000 FAX: 206.223.7107

709552.0007/5462981.1

1  Defendants have filed this Notice within 30 days after receipt or service of the Complaint in the
2  State Court Action, and as such, removal is timely. *See* 28 U.S.C. § 1446(b)(2)(B).

3      3.    <u>Consent</u>. All Defendants, including Quality, consent to removal of the State
4  Court Action.

5      4.    <u>Bond and Verification</u>. Pursuant to Section 1016 of the Judicial Improvements
6  and Access to Justice Act of 1988, no bond is required in connection with this Notice of
7  Removal. Pursuant to Section 1016 of the Act, this Notice need not be verified.

8      5.    <u>Signature</u>. This Notice of Removal is signed pursuant to Fed. R. Civ. P. 11. *See*
9  28 U.S.C. § 1446(a).

10     6.    <u>Pleadings and Process</u>. True and correct copies of the pleadings on file in the
11 State Court Action, including a current docket sheet, are attached to the Yates Decl. as Exhibit
12 A. *See* 28 U.S.C. § 1446(a). Defendant has paid the appropriate filing fee to the Clerk of this
13 Court upon the filing of this Notice.

14     7.    <u>Notice</u>. Defendant will promptly serve Plaintiff and file with this Court its
15 Notice of Removal to All Adverse Parties, informing Plaintiffs that this matter has been
16 removed to federal court. *See* 28 U.S.C. §§ 1446(a), (d). Defendant will also promptly file
17 with the Clerk of the Superior Court of Washington, County of Pierce, and serve on Plaintiff, a
18 Notice to Clerk of Removal to Federal Court, pursuant to 28 U.S.C. § 1446(d).

19 //   //
20 //   //
21 //   //
22 //   //
23 //   //
24 //   //
25 //   //
26 //   //
27 //   //

NOTICE OF REMOVAL - 6

WHEREFORE, this action should proceed in the United States District Court for the Western District of Washington, as an action properly removed thereto.

DATED this 29th day of August, 2012.

LANE POWELL PC

By /s/ Ronald E. Beard
Ronald E. Beard, WSBA No. 24014
Andrew G. Yates, WSBA No. 34239
Attorneys for Defendants First Horizon Home Loans, a division of First Tennessee Bank National Association, successor in interest by merger to First Horizon Home Loan Corporation and Bank of New York Mellon, f/k/a the Bank of New York, Trustee for the certificate holders of First Horizon Mortgage Pass-Through Certificates Series FHAMS 2006-AA6, Mortgage Electronic Registration Systems, Inc. and Nationstar Mortgage LLC

NOTICE OF REMOVAL - 7

## CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington that on the 29th day of August 2012, I caused to be served a copy of the attached document to the following person(s) in the manner indicated below at the following address(es):

Ha Thu Dao
Attorney at Law
3501 Rucker Avenue
Everett, WA 98201
hadaojd@gmail.com

☐ by Facsimile Transmission
☒ by First Class Mail
☐ by Hand Delivery
☐ by Email

Mary Stearns
Robert W. McDonald
McCarthy Holthus, LLP
19735 10th Avenue NE, Suite N-200
Poulsbo, WA 98370
mstearns@mccarthyholthus.com
rmcdonald@mccarthyholthus.com

☐ by Facsimile Transmission
☒ by First Class Mail
☐ by Hand Delivery
☐ by Email

DATED this 29th day of August, 2012.

Sabrina Koskinen

NOTICE OF REMOVAL - 8

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4100
SEATTLE, WASHINGTON 98101-2338
206.223.7000  FAX: 206.223.7107

709552.0007/5462981.1