HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SCOTT TOWNSEND and DEBORAH
TOWNSEND,

                    Plaintiffs,

        v.

QUALITY LOAN SERVICE CORP. OF
WASHINGTON, et al,

                    Defendants.

CASE NO. 3:12-cv-05778-RBL

ORDER DENYING PLAINTIFFS'
MOTION TO REMAND

THIS MATTER is before the Court on Plaintiffs' Motion to Remand [Dkt. #17].

Plaintiffs argue that Quality Loan Service Corp., a Washington citizen, destroys diversity

jurisdiction because Plaintiffs' allegations make Quality more than just a nominal defendant.

The other Defendants assert there is complete diversity because Quality is only a nominal

defendant whose citizenship is ignored for purposes of diversity.  Opp. to Pls.' Mot. to Remand

[Dkt. #18].  For the reasons set forth below, the Court DENIES Plaintiffs' Motion to Remand.

## I.     BACKGROUND

In 2006, Plaintiffs obtained a loan from First Horizon Home Loan Corporation.  The note

was secured by a Deed of Trust against real property.  In 2009, Plaintiffs defaulted on their loan.

On August 28, 2009, First Horizon appointed Quality as successor trustee under the Townsends' Deed of Trust by recording an Appointment of Successor Trustee in Pierce County, Washington. Yates Decl., Dkt. #19, Exh. F.  Plaintiffs incorrectly argue that the document was never filed with the county.

On April 23, 2012, Quality issued and recorded a Notice of Trustee's Sale.  The Notice set the original sale date for July 20, 2012, but Quality rescheduled the sale for July 27, 2012. Dkt. #4 at 70.  Plaintiffs filed this action in Pierce County Superior Court on July 17, 2012.  Dkt. #4 at 7. On July 27, 2012, Plaintiffs obtained an order enjoining the sale.  Pls.' Mot. to Remand, Dkt. #17, Exh. 1.  Quality did not contest the motion or appear at the hearing.  *Id.*

In August, 2012, Defendants removed the case to this Court, claiming diversity jurisdiction.  Plaintiffs move to remand, arguing that removal was improper because there is not complete diversity among all parties.  Plaintiffs argue that Quality, a Washington State citizen, is not a nominal defendant because they have asserted independent claims for damages against Quality.  Pls.' Mot. to Remand, Dkt. #17.  Defendants argue that diversity exists and removal was proper, because Quality is only a nominal defendant.  Opp. to Pls.' Mot., Dkt. #18.

## II.    AUTHORITY

Defendants may remove any action filed in state court over which federal district courts have original jurisdiction.  28 U.S.C. § 1441(a). The Court may remand a case to state court when the Court finds it lacks subject matter jurisdiction over the claims asserted.  28 U.S.C. § 1447(c).  Subject matter jurisdiction is established: (1) when there is diversity of citizenship under 28 U.S.C. § 1332; or (2) where a claim arises under federal law.  28 U.S.C. § 1441(c).

Removal based on diversity requires establishing the parties' diverse citizenship, and an amount in controversy exceeding $75,000.  28 U.S.C. § 1332(c).  Diversity jurisdiction under 28

1  U.S.C. § 1332 requires complete diversity. *Teledyne v. Kone Corp.*, 892 F.2d 1404, 1408 (9th

2  Cir. 1990).  Complete diversity exists where each plaintiff is diverse from each defendant.  *Id.*

3       The removing party bears the burden to prove that removal is proper.  *Gaus v. Miles, Inc.*,

4  980 F.2d 564, 566 (9th Cir. 1992).  The removal statute is strictly construed against removal

5  jurisdiction.  *Id.*  The strong presumption against removal jurisdiction means that the defendant

6  always has the burden of establishing removal is proper.  *Id.*  The defendant is obligated to do so

7  by a preponderance of the evidence.  *Id.* at 567.  Federal jurisdiction must be rejected if there is

8  any doubt as to the right of removal in the first instance.  *Id.* at 566.

9                          **III.   DISCUSSION**

10       If Quality is a nominal party, its Washington State citizenship is ignored for diversity

11  purposes.  Plaintiffs argue that Quality, as trustee under the Deed of Trust, is not nominal

12  because Plaintiffs have made substantive allegations and claims against Quality.  They argue that

13  (1) Quality was never appointed as successor trustee, and (2) Quality improperly initiated and

14  pursued the foreclosure.  Defendants argue that Plaintiffs' complaint does not convert Quality

15  from a nominal party to a true defendant because (1) Quality was in fact appointed as successor

16  trustee, and (2) the allegations against Quality are merely that it acted as a trustee, and there is no

17  cause of action for damages for wrongful initiation of a foreclosure.

18       A nominal defendant is "a [party] who 'holds the subject matter of the litigation in a

19  subordinate or possessory capacity and to which there is not dispute.'"  *S.E.C. v. Colello*, 139

20  F.3d 674, 676 (9th Cir. 1998) (quoting *S.E.C. v. Cherif*, 933 F.2d 403, 414 (7th Cir. 1991)).

21  "The paradigmatic nominal defendant is 'a trustee, agent, or depositary ... [who is] joined purely

22  as a means of facilitating collection.'"  *Id.* (quoting *Cherif*, 933 F.2d at 414).  A nominal

23  defendant's relation to an action is merely incidental and "it is of no moment [to him] whether

24

ORDER DENYING PLAINTIFFS' MOTION TO
REMAND - 3

the one or the other side in [the] controversy succeed[s]." *Bacon v. Rives*, 106 U.S. 99, 104 (1882). The removing party has the burden of proving that a defendant is a nominal defendant. *Silva v. Wells Fargo Bank N.A.*, 2011 WL 2437514, at *3 (C.D.Cal. June 16, 2011).

A trustee under a deed of trust is often a nominal party. *Id*. at *5. However, a trustee can be a real party when a plaintiff's complaint asserts specific claims against a trustee, including money for damages to their credit rating and home value, emotional damages and physical distress, and allegations that the trustee made false statements in a defective notice of default and was not the trustee authorized to initiate non judicial foreclosure proceedings. *Id*. A trustee can also be more than a nominal party when the complaint makes substantive allegations and asserts claims for money damages. *Couture v. Wells Fargo Bank N.A.*, 2011 WL 3489955, at *3 (S.D.Cal. Aug. 9, 2011). On the other hand, if a plaintiff has not made substantive allegations against the trustee, the trustee under the deed of trust is neutral, and has no interest in the outcome. *Prasad v. Wells Fargo Bank N.A.*, 2011 WL 4074300, at *3 (W.D.Wash. 2011).

In this case, Plaintiffs do not make any valid substantive allegations against Quality sufficient to make it more than a nominal defendant. Their main allegation is demonstrably false because Quality's appointment as successor trustee was in fact recorded with Pierce County.[1]

Plaintiffs' second claim, that Quality improperly initiated and pursued the foreclosure, is not grounded in the law. In Washington, there is no cause of action for "wrongful foreclosure" when no foreclosure has in fact occurred. *Vawter v. Quality Loan Svc. Corp. of Wash.*, 707 F. Supp. 2d 1115, 1123-24 (W.D.Wash. 2010); *Engel v. First Am. Tit. Ins. Co*., C09-5140BHS, 2010 WL 3819372 (W.D.Wash. 2010). The fact that the Deed of Trust Act establishes procedures and requisites for the non-judicial foreclosure process does not necessarily give rise

---

[1] The Court takes judicial notice of the Appointment of Successor Trustee that was recorded in Pierce County, Washington. Yates Decl., Dkt. #19, Exh. F.

1  to a cause of action.  *See id.*  Absent a trustee's sale of the property, a claim for wrongful

2  foreclosure must be dismissed as a matter of law.  *Vawter*, 707 F. Supp. 2d at 1124.

3  Plaintiffs argue that Quality was "instrumental" in the foreclosure because "Quality

4  commenced the foreclosure process by drafting, transmitting and recording numerous notices of

5  trustee sale in an effort to divest Plaintiffs of all rights and interest in their home…."  Pls.' Mot.

6  to Remand, Dkt. #17 at 2.  Plaintiffs' allegation is merely that Quality carried out its duties as

7  successor trustee under the Deed of Trust.  In Washington, a trustee is "an agent acting under a

8  power of sale" and has "no powers except those conferred upon him by the deed of trust."

9  *McPherson v. Pursdue*, 585 P.2d 830, 831 (1978).  In other words, "unless a plaintiff has made

10  substantive allegations against the trustee, the trustee under a deed of a trust is neutral with

11  respect to the plaintiff and defendant and has no interest in the outcome of a lawsuit such as the

12  one at bar."  *Prasad,* C11-894-RSM, at *3 (holding that the Court must treat the trustee as a

13  nominal defendant when the "allegation is merely that [the trustee] carried out its duties under

14  the deed of trust."); *cf. Beiermann v. JP Morgan Chase Bank N.A.,* No. 3:11-cv-05952 RBL,

15  2012 WL 1377094, at *3 (W.D.Wash. 2012) (holding that Quality was not a nominal defendant

16  as a trustee when Plaintiffs specifically alleged that "Quality misrepresented the reinstatement

17  amount in the Notice of Default, and misrepresented the amount of days Plaintiffs had to cure

18  before the sale.").  Here, Plaintiffs' allegation that Quality carried out its duties as successor

19  trustee does not make Quality anything more than a nominal defendant.

20  Like the trustee in *Prasad*, Quality has no direct stake in the outcome of this litigation.

21  Plaintiffs do not assert any claims for money damages against Quality, nor do they make any

22  valid substantive allegations of wrongdoing against Quality.  Quality is a nominal defendant, and

23  its citizenship is not considered for the purpose of establishing diversity jurisdiction.

24

1

## IV.   CONCLUSION

2      Because the parties do not dispute that the remaining parties are citizens of different

3 states and the amount in controversy exceeds $75,000, the Court has diversity jurisdiction over

4 this matter.  Plaintiffs' Motion to Remand [Dkt. #17] is **DENIED**.

5      IT IS SO ORDERED.

6

7      Dated this 26th day of October, 2012.

8

9      _____
       Ronald B. Leighton
10      United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER DENYING PLAINTIFFS' MOTION TO
REMAND - 6