1    HONORABLE RONALD B. LEIGHTON

2

3

4

5

6
UNITED STATES DISTRICT COURT
7        WESTERN DISTRICT OF WASHINGTON
AT TACOMA
8

SCOTT TOWNSEND,                          CASE NO. 3:12-cv-05778-RBL
9
            Plaintiff,               ORDER ON PLAINTIFFS' MOTION
10                                        TO AMEND COMPLAINT
        v.
11                                        [DKT. #21]

QUALITY LOAN SERVICE CORP OF
12   WASHINGTON, et al.,

13            Defendants.

14

15        THIS MATTER is before the Court on Plaintiffs' Motion to Amend their Complaint

16   [Dkt. #21].   The case arises out of a residential home loan, the homeowners' apparent default,

     and the lenders' efforts to foreclose.   The Plaintiff homeowners seek to file an amended
17
     complaint asserting 14 causes of action against various persons and entities involved in the loan
18
     and foreclosure processes.  [See Dkt. #22].  Without conceding that any of the claims are viable,
19
     Defendants specifically oppose six of Plaintiffs' proposed claims, and do not oppose the
20
     assertion of the remaining eight claims in the Amended Complaint. [Dkt. #s 24 and 25].
21
     Defendants oppose Plaintiffs' proposed amendment to assert the following claims:
22

23

24

1       •       First (Forgery/false acknowledgement) and Second (Negligence) claims against
2   Defendant Barbara Simmons, who notarized some of Plaintiffs' initial loan documents.

3       •       Fourth claim, against Defendant Quality, for violation of the Washington Deed of
4   Trust Act.

5       •       Fifth claim, apparently against all defendants, for commencing a foreclosure in
6   the absence of a default.

7       •       Sixth claim, apparently against all defendants, for procedural irregularities in the
8   foreclosure process in violation of the Washington Deed of Trust Act.

9       •       Seventh claim, against Quality for violating the duty of good faith.

10          Defendants oppose the addition of these claims, claiming they would be futile.  Plaintiffs
11  have not filed a Reply.

12          Leave to amend a complaint under Rule 15(a) "shall be freely given when justice so
13  requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing
14  *Forman v. Davis*, 371 U.S. 178, 182 (1962)).  Moreover, this policy is "to be applied with
15  extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)
16  (citations omitted).  In determining whether to grant leave under Rule 15, courts consider five
17  factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and
18  whether the plaintiff has previously amended the complaint." *United States v. Corinthian*
19  *Colleges*, 655 F.3d 984, 995 (9th Cir. 2011).  Among these factors, prejudice to the opposing
20  party carries the greatest weight. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052
21  (9th Cir. 2003).

22          A proposed "[a]mendment is futile if no set of facts can be proved under the amendment
23  to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v.*

24

*Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

Defendants argue persuasively that Plaintiffs' proposed First and Second claims would be futile because they are barred by judicial estoppel.  Plaintiffs filed for bankruptcy after these claims accrued, did not list them on their bankruptcy schedules, and received a discharge.  *See Hamilton v. State Farm Fire &Cas. Co.*, 270 F.3d 778 (9th Cir. 2001).  The addition of proposed Claims One and Two would be futile and the Motion to Amend to assert them is DENIED.

Defendants argue that proposed claims Four, Five, Six, and Seven all relate to the Deed of Trust Act.  They argue persuasively that the foreclosure was not completed, and that there is no claim for wrongful initiation of foreclosure under that Act.  *See Vawter v. Quality Loan Svc. Corp. of Wa.*, 707 F.Supp.2d 1115 (W.D. Wa 2010).  This position is correct; there is no claim for wrongful foreclosure under the Act, in the absence of a foreclosure.  It would be futile to add these claims to Plaintiffs' Complaint and the Motion to amend as to proposed Claims Four, Five, Six, and Seven is DENIED.

Defendants do not oppose the Plaintiffs' proposed amended claim Nos. 3, 8, 9, 10, 11, 12, 13, and 14.  Some of these claims, including specifically Claim No. 13 "Criminal Racketeering," appear to be potentially frivolous.  Nevertheless, the Plaintiffs' Motion to Amend is GRANTED as to these specific claims.

//

//

//

//

1    It is DENIED as to claims Nos. 1, 2, 4, 5, 6, and 7 in the Proposed Amended Complaint

2  [Dkt. #22].  Plaintiffs shall file an Amended Complaint without reference to these claims no later

3  than January 25, 2013.

4    IT IS SO ORDERED.

5    Dated this 16th day of January, 2013.

6

7    _____

8    Ronald B. Leighton
     United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24